# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               **Case No. 06-CR-205**

**DONTE ADAMS**
   **Defendant.**

## ORDER

On March 14, 2008, I sentenced defendant Donte Adams to 180 months in prison followed by 6 years of supervised release on his guilty plea to drug charges. He completed the prison sentence and commenced supervision on April 8, 2020. On October 4, 2021, defendant filed a pro se motion for early termination of his supervised release.

**I.**

The district court may, after considering the pertinent factors under 18 U.S.C. § 3553(a), terminate supervision at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). The district court possesses wide discretion in deciding whether to grant early termination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance, as judges expects persons on supervision to follow the rules. Courts have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision

term. The defendant bears the burden of demonstrating that early termination is warranted. United States v. Caldwell, No. 01-CR-193, 2018 U.S. Dist. LEXIS 91750, at *1-2 (E.D. Wis. June 1, 2018).

**II.**

I directed the government to file a response to defendant's motion here, and the government requested additional time to explore the matter given defendant's supervision in another district. When no response was received, I issued an order for the probation office to provide a report on defendant's conduct and compliance.

The probation office indicates:

**Supervision Adjustment:** Mr. Adams commenced his term of supervised release in the Eastern District of Texas on 4/8/20. Mr. Adams relocated to Texas upon his release from prison to reside with his wife. According to the supervising officer in the Eastern District of Texas, Mr. Adams maintained a stable residence and employment. He completed a random drug testing program and substance abuse treatment while in the Eastern District of Texas. He provided one dilute sample for alcohol while under their supervision. No other violations were reported.

On 9/22/21, Mr. Adams' supervised release was transferred to the Northern District of Georgia. According to the probation officer in that district, Mr. Adams was already employed prior to moving to their district and currently owns a trucking business. It is reported that Mr. Adams has a stable home in Fairburn, Georgia with his wife, he has complied with all conditions of supervision, and reports as instructed.

**Early Termination Request:** Under Title 18 U.S.C. §§ 3564(c) and 3583(e)(1), the Court may terminate terms of probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice. According to the U.S. Probation Guide Volume 8 Part E, there is a presumption in favor of recommending early termination for probationers and supervised releasees who have been under supervision for at least 18 months and the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged

2

in terrorism. Additionally, the person presents no identified risk of harm to the public or victims; is free from any court-reported violations over a 12-month period; demonstrates the ability to lawfully self-manage beyond the period of supervision; is in substantial compliance with all conditions of supervision; and engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. Mr. Adams has been on supervised release since 4/8/20 and is due to discharge on 4/7/26.

The Guide provides general criteria for assessing whether a statutorily eligible person under supervision should be recommended to the Court as an appropriate candidate for early termination.

In brief review of these criteria, Mr. Adams is stable in the community with respect to his residence and employment status; has complied with his supervised release conditions and has been free from any court-reported violations within the last 12 months; and receives sufficient prosocial support to remain lawful beyond the termination of supervision. However, Mr. Adams did receive an enhancement as a Career Offender in the instant offense due to the instant offense being for controlled substances, which occurred when he was 32 years old, and having two prior felony convictions for controlled substances offenses. In addition, Mr. Adams has a conviction for Sex with Child Age 16 or Older in 1994 when he was 19 years of age. Furthermore, in October 2011, Mr. Adams was found to be in possession of marijuana while imprisoned at FCI-Oxford. This incident resulted in Mr. Adams being convicted in Docket No. 12-CR-16-WMC-01 charging him with Possession of Marijuana, a Schedule One Controlled Substance, by a Federal Inmate, in the Western District of Wisconsin. On 3/16/12, he was sentenced to a term of six months in Bureau of Prisons to be served consecutively with the sentence for the instant offense.

**Recommendation:** It appears Mr. Adams presents no identified risk to the public or any potential victims. He is also free from any court-reported violations within the last 12 months. Other than the one dilute urine sample, Mr. Adams has made strides in his alcohol/drug rehabilitation, family reintegration, as well as employment stability. Despite the latter, given his criminal history and limited time on supervised release, it is believed that Mr. Adams could continue to benefit from supervision and early termination could be considered in the future, if Mr. Adams continues to make progress. Therefore, it is respectfully recommended Mr. Adams be continued on supervision at this time.

Assistant U.S. Attorney Lisa Wesley was contacted and concurs with this recommendation.

**III.**

I will permit defendant to file a reply before ruling on his motion.

**IT IS ORDERED** that defendant file any reply on or before **April 8, 2022**.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge