# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

   v.                                      Case No. 06-CR-205

**DONTE ADAMS**
      **Defendant.**

## DECISION AND ORDER

Defendant Donte Adams moves for early termination of supervised release. For the reasons that follow, I deny his motion at this time.

**I.**

On March 14, 2008, I sentenced defendant to 180 months in prison followed by 6 years of supervised release on his guilty plea to drug charges. (R. 177.) The evidence showed that defendant obtained substantial quantities of heroin for resale, with the PSR holding him responsible for 400 to 700 grams. (PSR ¶¶ 28-29.) He qualified as a career offender based on two prior drug convictions (PSR ¶ 40), and I denied him a reduction for acceptance of responsibility in this case, despite his guilty plea, based on continued criminal conduct (drug trafficking) while on bond. (PSR addendum/court's findings.) He completed the prison sentence and commenced supervision on April 8, 2020.

On October 4, 2021, defendant filed a pro se motion for early termination of his supervised release. (R. 260.) In the motion, defendant indicated that he had complied with his conditions, maintained employment, reunited with his family, and submitted no positive drug tests. (R. 261.)

On October 6, 2021, I ordered the government to file a response to defendant's motion by October 27, 2021. (R. 2626.) On October 27, 2021, the government requested a two week extension to explore the matter given defendant's supervision in another district. (R. 263.) On December 13, 2021, defendant filed a letter asking the court to grant his motion, as the government had not filed a response. (R. 264.) On December 30, 2021, I issued an order directing the probation office to provide a report on defendant's conduct and compliance. (R. 265.) On January 12, 2022, defendant filed a letter clarifying where he was being supervised. (R. 266.)

The probation office filed a memorandum in response to my order, indicating:

**Supervision Adjustment:** Mr. Adams commenced his term of supervised release in the Eastern District of Texas on 4/8/20. Mr. Adams relocated to Texas upon his release from prison to reside with his wife. According to the supervising officer in the Eastern District of Texas, Mr. Adams maintained a stable residence and employment. He completed a random drug testing program and substance abuse treatment while in the Eastern District of Texas. He provided one dilute sample for alcohol while under their supervision. No other violations were reported.

On 9/22/21, Mr. Adams' supervised release was transferred to the Northern District of Georgia. According to the probation officer in that district, Mr. Adams was already employed prior to moving to their district and currently owns a trucking business. It is reported that Mr. Adams has a stable home in Fairburn, Georgia with his wife, he has complied with all conditions of supervision, and reports as instructed.

**Early Termination Request:** Under Title 18 U.S.C. §§ 3564(c) and 3583(e)(1), the Court may terminate terms of probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice. According to the U.S. Probation Guide Volume 8 Part E, there is a presumption in favor of recommending early termination for probationers and supervised releasees who have been under supervision for at least 18 months and the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism. Additionally, the person presents no identified risk of harm to the

2

public or victims; is free from any court-reported violations over a 12-month period; demonstrates the ability to lawfully self-manage beyond the period of supervision; is in substantial compliance with all conditions of supervision; and engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. Mr. Adams has been on supervised release since 4/8/20 and is due to discharge on 4/7/26.

The Guide provides general criteria for assessing whether a statutorily eligible person under supervision should be recommended to the Court as an appropriate candidate for early termination.

In brief review of these criteria, Mr. Adams is stable in the community with respect to his residence and employment status; has complied with his supervised release conditions and has been free from any court-reported violations within the last 12 months; and receives sufficient prosocial support to remain lawful beyond the termination of supervision. However, Mr. Adams did receive an enhancement as a Career Offender in the instant offense due to the instant offense being for controlled substances, which occurred when he was 32 years old, and having two prior felony convictions for controlled substances offenses. In addition, Mr. Adams has a conviction for Sex with Child Age 16 or Older in 1994 when he was 19 years of age. Furthermore, in October 2011, Mr. Adams was found to be in possession of marijuana while imprisoned at FCI-Oxford. This incident resulted in Mr. Adams being convicted in Docket No. 12-CR-16-WMC-01 charging him with Possession of Marijuana, a Schedule One Controlled Substance, by a Federal Inmate, in the Western District of Wisconsin. On 3/16/12, he was sentenced to a term of six months in Bureau of Prisons to be served consecutively with the sentence for the instant offense.

**Recommendation:** It appears Mr. Adams presents no identified risk to the public or any potential victims. He is also free from any court-reported violations within the last 12 months. Other than the one dilute urine sample, Mr. Adams has made strides in his alcohol/drug rehabilitation, family reintegration, as well as employment stability. Despite the latter, given his criminal history and limited time on supervised release, it is believed that Mr. Adams could continue to benefit from supervision and early termination could be considered in the future, if Mr. Adams continues to make progress. Therefore, it is respectfully recommended Mr. Adams be continued on supervision at this time.

Assistant U.S. Attorney Lisa Wesley was contacted and concurs with this recommendation.

On March 4, 2022, defendant filed a letter seeking an update on his motion (R. 267), and on March 18, 2022, I issued an order permitting defendant to reply to the probation report

3

Case 2:06-cr-00205-LA   Filed 04/19/22   Page 3 of 5   Document 270

(R. 268). On April 6, 2022, defendant filed a reply, indicating he had complied with the rules of supervision, avoided police contact, submitted no dirty urine screens, maintained a steady job, and opened a family business with his wife. (R. 269 at 1.) He concluded that he had made big changes in his life, enjoyed strong family support, and spoke to youth to stop all the violence. (R. 269 at 1-2.)

**II.**

The district court may, after considering the pertinent factors under 18 U.S.C. § 3553(a), terminate supervision at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). The district court possesses wide discretion in deciding whether to grant early termination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance, as all persons on supervision are expected to follow the rules. United States v. Perkins, No. 05-CR-95, 2014 U.S. Dist. LEXIS 40675, at *3-4 (E.D. Wis. Mar. 20, 2014). Courts have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term. United States v. Caldwell, No. 01-CR-193, 2018 U.S. Dist. LEXIS 91750, at *1-2 (E.D. Wis. June 1, 2018). The defendant bears the burden of demonstrating that early termination is warranted. Id. at *2.

While defendant is to be commended for his progress, the court expects those on supervision to follow the rules, abstain from illegal drug use, work, and attend to their family responsibilities. United States v. Witzlib, No. 13-CR-99, 2016 U.S. Dist. LEXIS 76515, at *2

4

(E.D. Wis. June 13, 2016). Defendant fails to demonstrate that his conduct has been exceptional, and he makes no claim that supervision interferes with his rehabilitation or other pro-social activities. Continued supervision is also warranted to protect the public and deter, given defendant's prior record, violation of pre-trial release in this case, and commission of a new offense while serving his sentence in this case. 18 U.S.C. § 3553(a)(2)(B), (C). Finally, I agree with the probation office that given the short period of time since his release defendant could continue to benefit from supervision; early termination could be considered in the future if he continues to make progress.

### III.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 261) is denied.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge